UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SHANNON K. KANE,

Plaintiff,

v.

CORE CIVIC, et al.,

Defendants.

Case No. 2:20-cv-01037-JAD-VCF

ORDER

## I.    DISCUSSION

On July 20, 2020, the Court denied Plaintiff's initial motion for appointment of counsel, noting that Plaintiff had failed to state a colorable claim in his complaint. (ECF No. 14 at 20.)  In that order, the Court dismissed with prejudice all of Plaintiff's *Bivens* claims seeking damages, as amendment would be futile.  Although it appeared from Plaintiff's complaint that he was not interested in pursuing a non-*Bivens* injunction claim after the Court previously had entered an order that would have provided Plaintiff legal guidance for stating such a claim, the Court gave Plaintiff leave to file an amended complaint that brought a non-*Bivens* injunction claim for violation of the Eighth Amendment. *(Id.* at 17-19).

Plaintiff has not filed an amended complaint.  He has filed another motion for appointment of counsel. (ECF No. 15).  As the Court previously explained, a litigant does not have a constitutional right to appointed counsel in civil rights actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."

1

However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Here, Plaintiff has not shown a likelihood of success as he has yet to even state a colorable claim and, despite the Court's repeated legal guidance, he has not even filed a complaint that indicates any interest in pursuing the type of action that has any possibility of a likelihood of success. Furthermore, based on the Court's experience, attempting to obtain counsel willing to take Plaintiff's case inevitably would substantially delay the case. Because the Court has given Plaintiff leave only to file a claim for injunctive relief, such a delay would appear to be particularly problematic. The Court therefore denies the motion for appointment of counsel.

## II.     CONCLUSION

Plaintiff's motion for appointment of counsel (ECF No. 15) is denied.

DATED THIS 30th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

2